# EXHIBIT "B"

FILED
2020-CCL-00371
3/26/2020 9:01 PM
Sylvia Garza-Perez
Cameron County Clerk

CAUSE NO. 2020-CCL-00371

| | | |
|---|---|---|
| **JASON GARICA,** § | | **IN THE COUNTY COURT** |
| *Plaintiff* § | | |
| § | | |
| **vs.** § | | **AT LAW NO.** |
| § | | |
| **SAIA, INC. d/b/a SAIA MOTOR** § | | |
| **FREIGHT LINE, LLC,** § | | |
| *Defendant* § | | **CAMERON COUNTY, TEXAS** |

### PLAINTIFF JASON GARCIA'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE COURT:**

**COMES NOW, JASON GARCIA** (hereinafter referred to as Plaintiff) complaining of **SAIA, INC. d/b/a SAIA MOTOR FREIGHT LINE, LLC** (hereinafter referred to as the "Defendant employer") and for such causes of action would respectfully show unto the Court and the Jury as follows:

### I.
### Discovery Level

1.1   Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190. Plaintiff Jason Garcia requests that discovery be conducted under Level 3 and that non-expedited discovery rules apply as the compensable damages exceed $100,000.00.

### II.
### Parties

2.1   Plaintiff, **JASON GARCIA**, is an individual residing in Harlingen, Cameron County, Texas.

2.2   Defendant **SAIA, INC. d/b/a SAIA MOTOR FREIGHT LINE, LLC**, is an entity authorized to and doing business in the State of Texas and with a registered agent in the State of Texas, who may be served with process *via Certified Mail Return* **Receipt** *Requested* by *serving* its registered agent:

**C T Corporations Systems**
**1999 Bryan St., Ste. 900**
**Dallas, Texas 75201**

2.3     Service of citation is requested *Via Certified Mail, Return Receipt Requested.*

### III.
### Venue and Jurisdiction

3.1     Venue is proper in Cameron County, Texas in that the incident made the basis of this cause of action occurred in Cameron County, Texas.

### IV.
### Administrative Procedures

4.1     Within 180 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights alleging that the Defendant employers had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act (sometimes hereinafter referred to as the "TCHRA").   The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

Formal Complaint Filed:          June 3, 2019

Notice of Right to File A
Civil Action Letter Received:     January 30, 2020

4.2     On January 30, 2020, Plaintiff received from the Texas Workforce Commission - Civil Rights Division, formerly known as the Texas Commission on Human Rights, Plaintiff's Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within sixty days of its receipt.    Plaintiff's statutory claims have been filed within sixty days of its receipt.   Plaintiff's statutory claims were filed within sixty days of its receipt.   Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative

requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## Factual Background

5.1     On or about February 11, 2001, Plaintiff was initially hired by **SAIA, INC. d/b/a SAIA MOTOR FREIGHT LINE, LLC** as a Dock Worker. During Plaintiff's sixteen years and ten months of employment with the company, he performed his duties with dedication, hard work and loyalty. As a result of his strong worth ethic and dedication, Plaintiff received several pay raises and increase in responsibilities. On the date of his wrongful termination, he was a Dock Lead and was responsible for incoming freight earning approximately $44,000.00 annually, plus fringe benefits.

5.2     There had been complaints made against the terminal manager Edward Limon being made by employees for different reasons. These complaints were reported to the Human Resources Department (HR). Mike Jones, the HR Representative visited Plaintiff's terminal, following up on the complaints. Mr. Jones spoke to each one of the employees individually. When he spoke with Plaintiff, he reassured Plaintiff that what was shared was strictly confidential; therefore, Plaintiff spoke freely. Plaintiff shared what his concerns were, including how he was treated differently than younger employees including Noe San Manuel and Joe Cavazos and what was going on in the terminal. The following day, Plaintiff's terminal manager Edward Limon, approached Plaintiff inviting him to Whataburger for lunch. Mr. Limon, while eating, began to bring to Plaintiff's attention, things that he had discussed with Mr. Jones, in confidence (or so Plaintiff thought). Plaintiff immediately felt betrayed. The following day at work, Mr. Limon began to retaliate against Plaintiff, by mentioning that he was going to cut Plaintiff's hours and move him from the day shift to the night shift.

5.3     A second incident occurred when Plaintiff contacted HR to report Mr. Limon, for the way he was treating Plaintiff differently than younger employees, including Noe San Manuel and Joe Cavazos. Mr. Limon created a hostile work environment after he found out Plaintiff had spoken to HR. Mr. Limon retaliated against Plaintiff and threatened him, stating that if Plaintiff did not run the terminal the way he wanted it done, he was going to move Plaintiff to the outbound and start taking duties away from him.  Again, Plaintiff felt betrayed because HR, instead of looking into a resolution, they disclosed the concerns Plaintiff had shared in confidence.

5.4     A third incident occurred.   Mr. Limon had instructed Plaintiff to load some freight on a trailer because they were going to make a delivery.   Plaintiff advised him that he was not authorized to drive on freeways. Mr. Limon immediately stated that he didn't give a f@$#, that this was his terminal and he would run it the way he wanted.   After the delivery was completed, it still was not sitting well with Plaintiff, He reported Mr. Limon a couple of days later to the regional manager Mark Crow and advised him of what had occurred.   There were no write-ups or reprimands issued.   After this incident, the work environment increased in hostility and became an uncomfortable setting. Nothing was the same again.

5.5     In or around October 2018, Plaintiff was driving a forklift on the dock. As he approached Dock No. 5, Plaintiff accidently hit a forklift that was backing out from a trailer, shifting the forklift. When he was not able to stop on time Plaintiff honked resulting in the accident. The forks from the forklift shifted resulting in damage.   There were other individuals out on the dock at the time of the incident.   Plaintiff notified the Terminal Manager Edward Limon. **A w**itness to the reporting of incident was Carlos Martinez.    Plaintiff was advised to put it on the board and to tell the Operations Clerk, Carlos Martinez. Mr. Limon asked Carlos Martinez to call the mechanic.   Carlos Martinez walked outside with Plaintiff to see the damage.   The forklift was fixed that very same day. However, Mr. Limon later claimed that Plaintiff had not reported the

incident to him or anyone else. There was a purchase order number that was prepared specifically for the repair. Plaintiff was not asked to fill out any form or write an incident report at the time of the occurrence. The dock has cameras that recorded all activity which should show that Plaintiff had spoken to his terminal manager after the incident occurred. On December 7, 2018, Plaintiff was requested to write a statement of the incident and he complied. However, Bob Bowen insisted that Plaintiff had falsified information. Mr. Limon was claiming that Plaintiff had not made any mention or reported the incident to him and that he had falsified information, resulting in Plaintiff's wrongful termination on December 18, 2018. Management claimed Plaintiff had provided conflicting information when questioned a second time.

5.6  Plaintiff was suspended pending further investigation and ultimately terminated on December 18, 2018. He had never been written up, given a verbal warning, a written warning, nor counseled for any other incident. Others, including younger workers have broken equipment, including forklifts, but never received a verbal, written or any other kind of reprimand. Plaintiff was awarded a Safe Work Certificate on or about 2017 for zero incidents in his 16 years of employment with the company. There were other younger individuals who failed to follow policy, yet they were allowed to remain employed. One of the individuals was Noe San Manuel. He had gotten in the truck, pulled out of the garage with the trailer in tow. He failed to thoroughly check whether there was anyone in the trailer before driving off. Another individual named Joe Cavazos, too got in a truck and began to drive out, pulling a trailer without first checking if there was anyone inside. Plaintiff was replaced by a younger individual.

5.7  Due to the discrimination and hostile work environment caused by Plaintiff's supervisor and administrators, Plaintiff believes he was wrongfully terminated. Plaintiff believes he was discriminated and retaliated against on account of his age (43: DOB: 06/17/1976) and because he reported illegal work activity and hostile work environment to HR.

5.8     Plaintiff asserts that a motivating or determining factor in his unlawful termination was because he was discriminated against in violation of the Texas Commission on Human Rights Act on account of his age (43: DOB: 06/17/1976). Plaintiff has been unlawfully discriminated against and/or retaliated against in violation of the Texas Commission on Human Rights Act as amended.

5.9     Plaintiff further asserts and intends to prove that the mistreatment received by him, including but not limited to, the Defendant's employer's age discrimination (43: DOB: 06/17/1976) which among other things, was part of a pattern and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated.

## VI.
## Causes of Action - Section 21.051 Discrimination by Employer

**A.     Violations of the Texas Commission on Human Rights Act**

6.1     Plaintiff re-alleges the allegations contained in Section V, entitled *Factual Background*.

6.2     During his last several months of employment, Plaintiff was subjected to disparate treatment as well as a hostile work environment on account of his age (43: DOB: 06/17/1976).

6.3     On or about December 18, 2018, Plaintiff was unlawfully terminated by members of Defendant's management.

6.4     Plaintiff asserts that a motivating or determining factor in his unlawful termination was because he was discriminated against in violation of the Texas Commission on Human Rights Act on account of his age (43: DOB: 06/17/1976). Plaintiff has been unlawfully discriminated against and/or retaliated against in violation of the Texas Commission on Human Rights Act as amended.

6.5	The Defendant, their agents, servants, and employees discharged or in some other manner discriminated against Plaintiff on account of his age in violation of the Texas Commission on Human Rights Act

**Section 21.051 Discrimination by Employer:**

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or *age*, the employer:

1. *Fails or refuses to hire an individual*, *discharges an individual, or discriminates in any other manner against the individual in connection with compensation or the terms, conditions, or privileges of employment*; or

2. *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*

(Vernon's 2013)(emphasis added).

6.6	Further, Plaintiff alleges that the wrongful termination by the Defendant employer was a form of retaliation because of his complaints of discrimination.   Such actions are prohibited by an employer as follows:

**Section 21.055, Retaliation**

An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:

1.	Opposes discriminatory practice;

2.	Makes or files a charge;

3.	Files a complaint; or

4.	Testifies, assists or participates in any manner in an investigation, proceeding or hearing.

(Vernon's 2013)(emphasis added).

6.7     Plaintiff was retaliated against for opposing his supervisor's conduct including discriminatory treatment due to his age and retaliation.

6.8     As a result of the discriminatory treatment, his ultimate termination and/or and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

## VII.
## Actual Damages

7.1     As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

### A.     Lost Earnings and Special Damages

7.2     At the time of the incident complained of, Plaintiff was gainfully employed.  As a proximate result of the wrongful conduct and corresponding acts of the Defendant employer, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues.  As a result of the wrongful conduct and corresponding acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired.   In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, and fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

### B.     Past and Future Mental Anguish

7.3     As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages.  The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further

suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness, depression and/or loss of self-esteem due to the discriminatory treatment and/or his illegal termination or wrongful discharge. In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of his natural life.

## VIII.
## Attorney's Fees

8.1     By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.
## Exemplary Damages

9.1     The conduct of the Defendant, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the

Plaintiff.  Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff.  Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff.  Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and their management in the future.  Accordingly, Plaintiff Jason Garcia requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

## X.
## Demand for Trial by Jury

10.1 Plaintiff, by and through his attorney of record and pursuant to Rule 216 of the Texas Rules of Civil Procedure makes and files this Demand for Trial by Jury in the above styled and numbered cause.  Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee ($40.00) with the County Clerk of Cameron County, Texas.  Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

## XI.
## Requests for Disclosure

11.1   Pursuant to Texas Civil Rule of Procedure 194, Plaintiff requests that Defendant SAI, Inc. d/b/a SAIA Motor Freight Line, LLC disclose, within 50 days of the service of these Requests, the information or materials described in Rule 194.2.

**WHEREFORE,** Plaintiff, **JASON GARCIA** prays that this Honorable Court grant the following:

(1) Judgment against the Defendant employer, **SAIA, INC. d/b/a SAIA MOTOR FREIGHT LINE, LLC**, for all of the Plaintiff's damages;

(2) Attorney's fees;

(3) Pre-judgment interest allowed by law;

(4) Interest on said judgment at the legal rate from the date of judgment;

(5) For costs of suit herein; and

(6) For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

**THE LAW OFFICES OF CINDY A. GARCIA, P.C.**
1113 Nightingale Avenue
McAllen, Texas 78504
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
thegarcialawfirm@gmail.com
cluna.garcialaw@gmail.com

By: /s/cindy a. garcia
Cindy A. Garcia
State Bar No. 07631710

**ATTORNEY FOR PLAINTIFF JASON GARCIA**