United States District Court
Southern District of Texas
**ENTERED**
January 26, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JASON GARCIA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 1:21-cv-170 |
| § | | |
| SAIA, INC., d/b/a SAIA MOTOR § | | |
| FREIGHT LINE, LLC, § | | |
|     Defendant. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 8, 2021, Defendant SAIA Motor Freight Line, LLC[1] ("SAIA") removed this case from the Cameron County Court at Law V. Dkt. No. 1. Plaintiff Jason Garcia sued SAIA, claiming employment discrimination under the Texas Labor Code. Dkt. No. 1-2.

On November 15, 2021, SAIA filed a motion to dismiss. Dkt. No. 6. The motion has been fully briefed. Dkt. Nos. 16, 19.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted. Garcia did not timely file a charge of employment discrimination with the Texas Workforce Commission, which mandates dismissal.

### I. Background

#### A. Factual Background

On February 11, 2001, Garcia was hired by SAIA as a dock worker. Dkt. No. 1-2, p. 4. During his employment, several employees made complaints to human resources about Edward Limon, a terminal manager. Id. Mike Jones, a human resources representative, approached Garcia and asked him about how Limon treated Garcia. Id. Jones assured Garcia that everything would be kept "strictly confidential." Id. Garcia told Jones that he thought he was treated differently than some younger employees and also about "what was going on at the terminal." Id.

---

[1] The Plaintiff has incorrectly identified the Defendant as SAIA, Inc. Dkt. No. 2.

The next day, Limon invited Garcia to join him for lunch at Whataburger. Dkt. No. 1-2, p. 4. Over lunch, Limon began discussing the issues that Garcia had raised to Jones, leading Garcia to believe that the Garcia-Jones conversation had not been kept confidential. Id. The day after that, Limon told Garcia that he was going to reduce his hours and move him from the day shift to the night shift. Id.

When Garcia later reported Limon to human resources for treating him "differently than younger employees," Limon threatened Garcia by telling him that if Garcia "did not run the terminal the way he [Limon] wanted it done, he [Limon] was going to move Plaintiff to the outbound and start taking duties away from him." Dkt. No. 1-2, p. 5.

In another incident, Limon ordered Garcia "to load some freight on a trailer because they were going to make a delivery." Dkt. No. 1-2, p. 5. When Garcia advised Limon "that he was not authorized to drive on freeways. Mr. Limon immediately stated that he didn't give a f@$#, that this was his terminal and he would run it the way he wanted." Id. (symbols original). Garcia reported Limon to the regional manager, but there was no internal discipline issued. Id.

In October 2018, Garcia was driving a forklift on the dock when he hit another forklift. Dkt. No. 1-2, p. 5. The accident damaged the forklift by shifting its forks. Id. Garcia notified Limon, who advised him to inform Carlos Martinez, the operations clerk. Id. The forklift was repaired that day. Id., p. 6. Limon later claimed that Garcia never reported the accident. Id., p. 6.

On December 7, 2018, Garcia was told to write a statement concerning the incident, which he did. Dkt. No. 1-2, p. 6. Bob Bowen – whose position at the company is not specified – insisted that Garcia had falsified information about the incident. Id. On December 18, 2018, Garcia was fired. Id.

Garcia alleges that younger employees had broken equipment, including forklifts, with no employment repercussions. Dkt. No. 1-2, p. 6.

**B. Procedural Background**

The procedural background to this case can charitably be described as messy.

On July 23, 2019, Garcia filed a charge of discrimination with the Texas Workforce Commission, alleging age discrimination, retaliation and a hostile work environment. Dkt. No. 9-1. On January 29, 2020, the Texas Workforce Commission issued a right to sue letter. Dkt. No. 1-3, pp. 17-18.

On March 26, 2020, Garcia filed suit against SAIA in the Cameron County Court at Law V, alleging employment discrimination. Dkt. No. 1-3, p. 5.

Service was attempted on CT Corporation, the registered agent for service of process for the Defendant . Dkt. No. 1-3, p. 23. On January 25, 2021, CT Corporation sent a rejection letter, stating that "SAIA Inc is not listed on our records or on the records of the State of TX" and that "CT was unable to forward." Dkt. No. 1-3, p. 23.

On February 10, 2021, the case was dismissed in state court without prejudice for want of prosecution. Dkt. No. 1-3, p. 30.

On March 26, 2021, Garcia filed a motion to reinstate the case. Dkt. No. 1-3, p. 31.

On September 20, 2021, the state court set the matter for hearing on October 20, 2021. Dkt. No. 1-3, p. 41. The state court docket indicates that on October 20, 2021, the state court granted the motion to reinstate the case. Jason Garcia VS SAIA Inc., d/b/a SAIA Motor Freight Line, LLC, 2020-CCL-00371 (Cameron County Court at Law V, October 20, 2021).

On November 8, 2021, SAIA removed the case to this Court. Dkt. No. 1. SAIA removed the case on the basis of diversity jurisdiction. Id. Garcia is a citizen of Texas and SAIA is a citizen of Delaware and Georgia. Id. SAIA asserted that it first became aware of the state case on October 11, 2021, and it timely removed the case within 30 days.[2] Id.

---

[2] The Court notes that "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206, 210 (5th Cir. 2005). SAIA alleges that it received notice through informal channels – the state court sending a courtesy copy of an order – and if those allegations are correct, then the 30 day clock never started running. The Court further notes that Garcia has not filed a motion to remand, so the Court will rely on the jurisdictional allegations in the notice of removal. Dugas v. Washington Mut., 2005 WL 2234639, at *3 (E.D. Tex. Sept. 13, 2005) ("Generally, the existence of diversity jurisdiction is determined from the record at the time the notice of removal is filed").

On November 15, 2021, SAIA filed a motion to dismiss, arguing that (1) Garcia did not timely file his charge of discrimination with the Texas Workforce Commission; (2) SAIA was not properly served; and (3) Garcia as failed to state a viable claim for hostile work environment. Dkt. No. 9.

On January 7, 2022, Garcia timely filed his response. Dkt. No. 16. Garcia did not address the argument concerning whether he timely filed his charge with the Texas Workforce Commission, but argued that he properly served CT Corporation, who is the registered agent for SAIA and that he stated a plausible claim for a hostile work environment. Id.

On January 21, 2022, SAIA timely filed its reply brief.

**II. Applicable Law**

    **A. Motion to Dismiss**

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**B. Exhaustion**

A plaintiff seeking to raise a state law employment discrimination claim in Texas must file a charge of discrimination with the Texas Workforce Commission before filing an action in court. TEX. LAB. CODE §§ 21.201(a), 21.252(a), 21.254; see also Gorman v. Verizon Wireless Texas, L.L.C., 753 F.3d 165, 169 (5th Cir. 2014) ("exhaustion of remedies requirement is not expressly required by the statute but is inferred by the courts from the statute's structure"). A charge must be filed within 180 days of the discriminatory action. TEX. LABOR CODE § 21.202(a). The requirement to timely file a charge of discrimination is not jurisdictional, but it is "mandatory." Hinkley v. Envoy Air, Inc., 968 F.3d 544, 554 (5th Cir. 2020). The failure to timely exhaust administrative remedies is a basis for dismissal. Id.

The Court notes that "[b]ecause one purpose of the Commission on Human Rights Act is to bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority." Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996).

**III. Analysis**

SAIA has raised three grounds for dismissal: (1) that the discrimination charge was not timely filed with the Texas Workforce Commission; (2) SAIA was never properly served; and (3) Garcia has failed to state a claim upon which relief can be granted as to the hostile work environment claim. The Court the Court finds that the first ground – failure to timely exhaust administrative remedies – is a sufficient basis for dismissal in this case and that it need not address the remaining issues. See Rodriguez v. Deutsche Bank Nat'l Tr. Co. for First Franklin Mortg. Loan Tr. 2006-FF11, 2017 WL 4890023, at *2 (S.D. Tex. Oct. 30, 2017), aff'd sub nom. Rodriguez v. Deutsche Bank Nat'l Tr. Co. as Tr. for First Franklin Mortg. Loan Tr. 2006-FF11, 742 F. App'x 32 (5th Cir. 2018) ("Because a single ground resolves the instant motion, the court need not analyze the remaining grounds").

Under state law, Garcia was required to file his charge of discrimination with 180 days of the alleged discriminatory practice. TEX. LABOR CODE § 21.202(a). Garcia was fired on December 18, 2018. Dkt. No. 1-2, p. 6. He filed his employment discrimination charge on July 23, 2019. Thus, the only actionable claims are ones that occurred on or after January 24, 2019 – within 180 days of his charge being filed. Lawson v. Parker Hannifin Corp., 614 Fed. App'x 725, 729 (5th Cir. 2015). Thus, none of the actions taken against Garcia – the way Limon treated him or the termination of his employment – occurred after he was terminated. Accordingly, they are not timely filed.

Put another way, the Court may only consider the discriminatory actions which took place within 180 days of the charge being filed with the Texas Workforce Commission. See Rose v. Houston Indep. Sch. Dist., 2017 WL 4697889, at *6 (Tex. App. Oct. 19, 2017) ("Under the TCHRA, we only consider allegedly adverse employment actions that occurred within 180 days preceding" the filing of the charge); Skaggs v. Van Alstyne Indep. Sch. Dist., 2017 WL 77825, at *6 (E.D. Tex. Jan. 9, 2017) ("The TCHRA bars claims made outside the more abbreviated 180-day period following the alleged unlawful employment action"); Noel v. Shell Oil Co., 261 F. Supp. 3d 752, 766 (S.D. Tex. 2017), report and recommendation adopted, 2017 WL 4082314 (S.D. Tex. Sept. 13, 2017) (claims made outside of the 180 day window "fail as a matter of law."). It was Garcia's responsibility to timely file a charge within the statutory window, as each discriminatory act starts a new clock for filing charges as to that specific act. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). The complaint alleges no discriminatory actions taken within 180 days of the charge being filed with the Texas Workforce Commission.

The failure to timely file a charge of discrimination means that Garcia has not properly exhausted his administrative remedies. See Khan v. United Recovery Sys., Inc., 2005 WL 469603, at *5 (S.D. Tex. Feb. 28, 2005) ("Exhaustion occurs when the plaintiff files a timely charge of discrimination with the proper agency and receives a statutory notice of the right to sue.").

The only possible exception to this requirement would be the continuing violations doctrine, wherein hostile environment claims "will not be time barred so long as all acts

which constitute the claim are part of the same unlawful practice and at least one act falls within the time period." Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004). While Garcia has alleged that he was the victim of a hostile work environment, he has not shown that at least one act occurred on or after January 24, 2019 – within 180 days of his charge being filed. Indeed, given that Garcia had already been fired for over a month, it is difficult to see how any such claim would be viable.

Accordingly, Garcia has failed to timely exhaust his administrative remedies and his complaint should be dismissed on that basis. Hinkley, 968 F.3d at 554

**IV. Recommendation**

It is recommended that the motion to dismiss filed by SAIA Freight Motor Line, LLC, be granted. Dkt. No. 6. The complaint filed by Jason Garcia should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 26, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge